IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DANIELLE DEANN LASLEY EAKINS<br><br>Defendant. | Criminal No. 4:19-CR-68<br><br>GOVERNMENT'S RESISTANCE TO DEFENDANT'S APPEAL OF DETENTION ORDER |

COMES NOW, the United States of America, through counsel, and resists Defendant's Appeal of Detention Order (Doc. No. 16).

## **INTRODUCTION**

A grand jury returned a six-count Indictment charging Defendant with distribution of methamphetamine, use of a firearm during and in relation to a drug trafficking crime, and felon in possession of a firearm.[1] Defendant seeks review of a detention order entered by Magistrate Judge Celeste F. Bremer.[2] Judge Bremer correctly concluded there are no conditions of release that will reasonably assure the safety of the community.

Defendant faces a mandatory minimum term of imprisonment of fifteen years. The evidence against Defendant is strong—her crimes occurred during video-recorded controlled buys. The offenses included Defendant distributing

---

[1] The Indictment was returned on April 17, 2019. At the time of the detention hearing, Defendant had been charged in a criminal complaint.

[2] Defendant's appeal incorrectly states that Chief Magistrate Judge Helen C. Adams entered the detention order.

methamphetamine and a firearm while caring for an infant child. Last month, Defendant shot a man with an AK-type assault rifle and discarded the firearm. Defendant has a history of probation violations and was on probation at the time of the offenses charged in this case. On these facts, Judge Bremer correctly concluded that Defendant should be detained pending trial. Defendant offers no persuasive reason to reverse that decision, so the Court should deny Defendant's appeal.

## BACKGROUND[3]

Law enforcement began investigating Defendant's possible involvement in the trafficking of narcotics and firearms. (Tr. 4).[4] Between October and December 2018, law enforcement utilized a confidential informant ("CI") to make numerous controlled buys of methamphetamine and guns from Defendant at her home in Agency, Iowa. (Tr. 4-7). Each of the controlled buys were video and audio recorded. (Tr. 5). During one of these transactions, Defendant sold the CI more than 50 grams of actual methamphetamine. (Tr. 6). During the third controlled buy, which occurred on November 15, 2018, Defendant sold the CI approximately an ounce of methamphetamine and a .40 caliber pistol while Defendant was caring for—and holding—an infant child. (Tr. 6; Gov. Ex. 1-C). The Defendant sold the CI another firearm the following month. (Tr. 7).

---

[3] These facts are drawn from ATF Special Agent James Booth's testimony at the detention hearing and the affidavit in support of the criminal complaint, which was admitted as an exhibit at the hearing. (Tr. 8-9; Gov. Ex. 2).

[4] Citations to "Tr." refer to the transcript of the April 3, 2019 preliminary and detention hearing before Magistrate Judge Bremer. At the hearing, Government Exhibits 1-A through 1-D and 2 were received in evidence. (Tr. 8-9).

During these video-recorded transactions, numerous images were captured of Defendant personally handling the methamphetamine and one of the guns Defendant sold to the CI. (Tr. 7-8; Gov. Ex. 1-A – 1-D). Defendant can also be seen on video holding an infant child shortly before selling the CI methamphetamine and a firearm. (Tr. 8; Gov. Ex. 1-C).

Following these controlled buys, law enforcement continued to investigate Defendant's involvement in the distribution of drugs and guns and attempted to arrange additional controlled transactions. (Tr. 9-10). The CI reported to law enforcement that Defendant needed to "reup" or obtain new supply of methamphetamine. (Tr. 10).

In March 2019, ATF Special Agent James Booth learned that Defendant was involved in a shooting. (Tr. 10). Specifically, on March 17, 2019, Defendant shot her boyfriend with an AK-type assault rifle. (Tr. 10). The investigation of that shooting revealed that Defendant likely discarded that rifle at an unknown location on the way to a hospital. (Tr. 10-11). The investigation also indicated that Defendant's boyfriend fired a gun at Defendant on a previous occasion, and that a second firearm was also discarded on the way to the hospital. (Tr. 10-11). At the time of the detention hearing, law enforcement still had not found the AK-type assault rifle Defendant disposed of after the shooting. (Tr. 11).

After a hearing on April 3, 2019, Judge Bremer entered a written order of detention. (Doc. No. 13). Judge Bremer noted that the charged drug offenses and the charge under Section 924(c) created a presumption in favor of detention. (*Id.* at 1).

3

Judge Bremer found that Defendant rebutted that presumption but nonetheless concluded that Defendant could not be released "without being a danger to others." (*Id.* at 2-3). Judge Bremer noted, for example, that: (1) Defendant is unemployed; (2) Defendant has a "significant" history of drug use despite multiple prior attempts at drug treatment; (3) Defendant was recently involved in an altercation where shots were fired; (4) Defendant has a history of probation violations and a revocation; and (5) Defendant was on probation at the time of the offenses charged in this case. On April 10, 2019, Defendant filed an Appeal of Detention Order. (Doc. No. 16).

## ARGUMENT

### I.    Legal Standard

Pretrial detention is authorized when "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In determining if release conditions exist that will reasonably assure the defendant's appearance and the safety of the community, the Court considers the following: (1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the nature and seriousness of the danger to the community or any person. *See* 18 U.S.C. § 3142(g).

Because Defendant has been charged with serious drug offenses and the use of a firearm during and in relation to a drug trafficking crime, there is a rebuttable presumption that no conditions will reasonably assure Defendant's appearance and

4

the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A)-(B). Accordingly, Defendant has the burden of production to rebut this presumption with evidence that he does not pose a danger to the community or a risk of flight. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quotation omitted). Although Judge Bremer found that Defendant rebutted the presumption in this case, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.*

## II. Argument

Judge Bremer correctly determined that Defendant should be detained pending trial. Defendant made numerous sales of methamphetamine and guns to a confidential informant. Due to the quantity of drugs sold during one of those transactions, Defendant faces a mandatory minimum sentence of ten years on that offense alone. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A). Defendant faces an additional mandatory consecutive sentence of five years due to her use of a firearm during and in relation to her drug trafficking. *See* 18 U.S.C. § 924(c)(1)(A)(i). Thus, Defendant likely faces a mandatory minimum term of fifteen years' imprisonment. A conviction is likely in this case. The transactions were audio and video recorded, resulting in strong evidence of Defendant's guilt including numerous images of Defendant personally handling methamphetamine and a gun. (*See* Gov. Ex. 1-A – 1-D).

In addition to the serious nature of the charged offenses, there are other facts that support Judge Bremer's detention order. As noted, Defendant was caring for (and holding) an infant child at the same time Defendant sold methamphetamine and

a gun. (Tr. 8; Gov. Ex. 1-C). And just last month, Defendant was involved in a shooting in which Defendant shot a man with an AK-type assault rifle resulting in significant bodily injury. (Tr. 10-11). After the shooting, Defendant discarded the firearm at an unknown location. (Tr. 10-11, 14).

Defendant identifies no sound reason to reverse Judge Bremer's order. Defendant notes that she has strong family ties and two potential third-party custodians "willing to assume the responsibility." (Doc. No. 16 at 1). As Judge Bremer noted, however, Defendant is 40 years old. (Doc. No. 13 at 3). Defendant's criminal conduct at the age of 40—including the use and distribution of methamphetamine and firearms—is not indicative of someone who can suddenly be controlled by family members. Defendant also notes that any danger to the community can be "allayed" by substance abuse and mental health treatment. (Doc. No. 16 at 1). Again, however, the facts suggest otherwise. As Judge Bremer observed, Defendant has attempted drug treatment in the past only to return to drug use, including a 16-year history of methamphetamine use. (Doc. No. 13 at 3). Judge Bremer also noted that Defendant has performed poorly on supervision in the past, including multiple violations and a revocation of probation on a prior drug offense. (*Id.*). Notably, Defendant was on probation when she sold the drugs and guns that form the basis of this case. (*Id.*). If Defendant could not refrain from using drugs and dealing in methamphetamine and firearms while she was on probation, it is exceedingly unlikely that substance abuse or mental health treatment would reasonably assure the safety of the community now. This is particularly true just a month after Defendant was involved in a shooting

with an AK-type assault rifle. In short, Judge Bremer correctly concluded that Defendant cannot be released "without being a danger to others." (Doc. No. 13 at 3).

## CONCLUSION

For these reasons, the Court should deny Defendant's Appeal of Detention Order.

Respectfully submitted,

Marc Krickbaum
United States Attorney

By: */s/Ryan W. Leemkuil*
U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email:  ryan.leemkuil@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2019, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

____U.S. Mail  _____ Fax  ____Hand Delivery

  X  ECF/Electronic filing  ____Other means

UNITED STATES ATTORNEY

By:  */s/ Suellen Irwin*
     Legal Assistant